362 P.2d 427

Edward E. VALCARCE, Plaintiff and Appellant,

v.

Reed BITTERS and his wife, Roma Bitters, Defendants and Respondents.

No. 9323.

Supreme Court of Utah.

May 29, 1961.

Sherma Hansen, Brigham City, for appellant.

Olson & Calderwood, Logan, for respondents.

CROCKETT, Justice.

Edward E. Valcarce sued the defendants, Bitters, to contest the validity of a $2,700 promissory note which he had executed and delivered to them, and which they had assigned to Financial Service Company. From adverse judgment plaintiff appeals.

The parties are mink ranchers and had dealings together over a period of years.

In January 1958, Valcarce desired to acquire some breeder stock mink for his ranch in Box Elder County. Defendants let him have 150 females and 30 males, for which he gave them a check for $1,500; and at that time, or within a day or two thereafter, he also gave them the promissory note which is the subject of this suit.

The position essayed by the plaintiff at the trial, and in which he persists here, is that the defendants, Bitters, were pressed for cash and. were going to "pelt down" quite a number of their mink; that they agreed to sell these 180 mink to plaintiff to use as breeder stock, but at pelt prices, which are lower than the usual price for breeder mink, and that the $1,500 check paid for them; and that the $2,700 note was given in consideration of a proposed "side agreement" by which defendants were either a) to deliver to him an unspecified number of additional mink; or b) to apply it on a transaction by which Bitters would deliver to Valcarce's ranch additional mink to be "ranched" on some arrangement to be agreed upon, such as a fifty-fifty basis; or c) to return the note to Mr. Valcarce. He argues that this agreement not having been fulfilled, the consideration for the note failed; and that it should be cancelled, or he should have damages.

On the other hand, the defendants contend that both the $1,500 and the $2,700 note were given to pay for the mink which were delivered. They do not disagree that there

was some discussion about the possible future transaction of the general nature referred to by the plaintiff, but deny that any such agreement was entered into.

The trial court found the facts in favor of the defendants and against the plaintiff: that the plaintiff had received the mink as value for the note; and that the plaintiff had failed to prove any agreement that defendants would deliver additional mink or engage in an operation of "ranching" mink with the plaintiff.

It is undoubtedly true that the parties discussed the possibility of some further transaction, but the plaintiff himself could not delineate with any definiteness what it was to be. Upon the state of the record as we view it, the trial court used good judgment in his observation:

"I find that there was some talk about a side contract * * * but I can't find out what the terms were * * * I just can't take the thread provided here and weave a contract for the parties."

We are in accord with the plaintiff's contention that it is the responsibility of a court to rectify injustice and see that equity is done. However, we do not see this principle as aiding the plaintiff here. Any action under that doctrine is predicated upon the supposition that facts are shown which require affirmative action to fulfill its objective. A condition precedent to the enforcement of any contract is that there be a meeting of the minds of the parties, which must be spelled out, either expressly or impliedly, with sufficient definiteness to be enforced. Under the circumstances shown to exist here, where there was simply some nebulous notion in the air that a contract might be entered into in the future, the court cannot fabricate the kind of a contract the parties ought to have made and enforce it. See Gibbons v. Brimm, 119 Utah 621, 230 P.2d 893.

The evidence amply justifies the determination that the mink delivered to the plaintiff constituted the consideration for both the check and the note. Plaintiff himself admitted that at the time he bought them the female mink were worth $20 each and the males $35 which computes to $4,050, only $150 short of the total of the note and the check. And there was other evidence from independent witnesses that the mink were worth about double that amount. It has been stated so often that it seems almost banal to repeat that where the findings and judgment are supported by substantial evidence, they cannot be disturbed upon appeal. See Sine v. Salt Lake Transp. Co., 106 Utah 289, 147 P.2d 875 and 878.

Affirmed. Costs to defendants (respondents).

WADE, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.